Hon. Harry W. Seibert, Jr. Village Attorney, Ballston Spa
This is in reply to your letter of June 20, 1979, in which you seek this office's opinion as to the following question:
 "May a member of the Ballston Spa Library Board of Trustees simultaneously hold the position of a member of the Ballston Spa Library Board and paid custodian of the library".
Obviously, the position of custodian is filled through an employment contract. A trustee of the library must comply with the provisions of section 801 of the General Municipal Law which provides as follows:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above and (2) no chief fiscal officer, treasurer, or his deputy or employee, shall have an interest in a bank or trust company designated as a depository, paying agent, registration agent or for investment of funds of the municipality of which he is an officer or employee. The provisions of this section shall in no event be construed to preclude the payment of lawful compensation and necessary expenses of any municipal officer or employee in one or more positions of public employment, the holding of which is not prohibited by law."
Section 802 of the General Municipal Law makes provision for all exceptions to the general prohibitions of section 801 (supra).
A review of the exceptions reveals no exception for the simultaneous positions under consideration. Accordingly it is the opinion of this office that one person may not serve as a member of the library board of trustees and at the same time be in the board's employ as a custodian.